Judge Mills
delivered the opinion of the court.
The plaintiff in the court below, now appellant, declared in covenant against John Coons and William Ellis only, on a writing signed thus:—“John Coons, (seal,) William Ellis and brothers, (seal.)”
The defendant, Coons, pleaded in abatement, after craving oyer of the writing, that “at the time of making the 'several supposed covenants in the declaration mentioned, 'the said Coons was a partner in the trade of salt making *376 “with Wm. Ellis, Hezekiah Ellis, Walter Ellis and Charles “Ellis, who are yet living, to wit, the said Walter Ellis “and Charles Ellis in Montgomery county and circuit, Wm. “Ellis in Fayette county, and Hezekiah Ellis out of this “commonwealth; and the said several covenants, in the “declaration alledged, were made jointly by the defendant, “John Coons. and the said Wm. Ellis, who covenanted “ jointly for himself and brothers, who are the aforemen"tioned parties.”
One partner, merely as such, cannot bind another by a sealed instrument. To render such act obligatory, the acting partner must have a special authority.
Bibb for appellant.
To this plea the plaintiff demurred, and the defendant joined in the demurrer. The court below gave judgment against the demurrant, and supported the plea; from which decision the plaintiff appealed—and the validity of the plea is the only question involved in the assignment of error.
It is a well settled principle that one partner, by virtute of the authority given him by the mere fact of partnership, cannot bind his partner by a sealed instrument, and that additional authority granted by seal is necessary to authorise such an act. In the plea in question, it is not averred or pretended that the other partners executed the instrument, or that those who did, had sufficient authority to bind them, but barely that they covenanted for, and on behalf of, the other partners, as well as themselves. This could not authorise the plaintiff to bring suit against the partners who were not sued. His right of action existed against those who had actually executed the covenant in proper person, or by another having competent authority.
From these principles it results that the plaintiff had rightly commenced his action, and that it ought not to have been abated because he did not sue others, whom he had no right to sue, and that the court below erred in abating the suit.
The judgment, therefore, must be reversed with costs, and the cause remanded, with directions to that court to sustain the demurrer, and render judgment of respondeat ouster against the defendant.